# <u>STANDING ORDER IN CIVIL CASES</u>
# <u>ASSIGNED TO JUDGE ORLANDO GARCIA</u>

The disposition of civil cases will be controlled by the following Order.

## I. RULE 12(b)(6) MOTIONS TO DISMISS

To advance the case efficiently and minimize the cost of litigation, the Court will provide parties an opportunity to amend their pleadings before considering a Rule 12(b)(6) Motion to Dismiss. The following procedure must be followed before any party files a Motion to Dismiss under Rule 12(b)(6) in cases where all parties are represented by counsel.

**A. PROCEDURE**

1. Before filing a Motion to Dismiss under Rule 12(b)(6), counsel shall confer with opposing counsel concerning the purported deficiencies and the expected basis of the Motion. This conference requires a written (email or certified mail) Notification Letter: (1) advising counsel of the right to amend the pleading under this procedure; (2) specifying the proposed deficiencies in the pleading; and (3) outlining the deadlines below.

2. Following this notice, if the Plaintiff intends to amend the pleading, the Plaintiff shall file an Advisory of such intent with the Court within seven (7) days of receipt of the Notification Letter. The Amended Complaint must be filed within seven (7) days of the filing date of the Advisory.

3. If no Advisory is filed or if the Complaint is not so amended by the established deadline, the Defendant may file a Rule 12(b)(6) Motion to Dismiss within twenty-one (21) days of opposing counsel's receipt of the Notification Letter. **If an Amended Complaint is filed, but the Defendant believes it is still deficient, the conference process above shall be repeated with respect to the Amended Complaint(s).**

    a. The Rule 12(b)(6) Motion must include a Certificate of Conference expressly stating that the Defendant complied with this process and noting that the Plaintiff did not timely amend its pleading.

    b. Any Rule 12(b)(6) Motion filed without this Certificate of Conference will be stricken.

    c. If any party needs additional time to comply with this procedure, it may file an appropriate motion under Rule 6(b).

Under this practice, the Plaintiff has already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Rule 12(b)(6) Motion to Dismiss. **Consequently, the Plaintiff will not be allowed an additional opportunity to amend the Complaint following the grant of a properly filed Rule 12(b)(6) Motion to Dismiss.**

*See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002).

If the Court denies the Motion to Dismiss and the case goes forward, the Plaintiff may seek leave of Court to amend the operative Complaint later if the circumstances warrant or require amendment.

Rule 12(a) prescribes time limits for the filing of an answer and for the filing of motions under Rule 12. The requirements outlined above do not alter the time limits in Rule 12(a). This process also applies to any Rule 12(b)(6) Motion to Dismiss any counterclaim or crossclaim.

## II. GENERAL

### A. CITATIONS

**To the record.** The facts set forth in any motion shall include a citation to a particular pleading or other part of the record. The Court will not search the record for evidence and may not consider any evidence that is not specifically cited in the parties' briefs.

**To authority.** All case citations shall use the appropriate Westlaw—not Lexis—citation, when available.

### B. MOTIONS PRACTICE

A party should not file a motion and a separate "Memorandum of Law." The motion itself should include the party's argument and citations to authority supporting the relief sought therein.

The Court may strike any non-dispositive motions that do not include a Certificate of Conference. *See* W.D. Tex. R. CV-7(g).

Generally, the Court disfavors motions to maintain filings under seal and expects parties to draft such submissions in a manner that does not disclose confidential information. W.D. Tex. R. CV-5.2(b). Redaction is preferable to sealing a case or a particular filing. Even when filing a document under seal may be warranted, it is better for the sealed document to be an exhibit rather than the entire filing. If a party wishes to file a pleading, motion, or exhibit under seal, the party must first obtain leave of court by motion with citations to authority in support of filing under seal. The item will be admitted under seal if the court deems such filing to be necessary.

## III. FEDERAL TORT CLAIMS ACT AND BENCH TRIALS

Motions for summary judgment are highly disfavored in any case in which the Court will serve as the factfinder and in any case asserting a cause of action under the Federal Tort Claims Act in which parties do not have a right to a jury trial under 28 U.S.C. § 2402 and *Carlson v. Green*, 446 U.S. 14, 22 (1980). Consequently, the basis for any motion for summary judgment in these cases should be restricted to purely legal issues (*e.g.*, whether a legal duty exists, the affirmative defense of statute of limitations, or failure to exhaust administrative remedies).

## IV. NOTICE TO PARTIES ASSERTING FEDERAL JURISDICTION IN DIVERSITY CASES

Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all parties on one side of the controversy be citizens of different states from all parties on the other side. The party asserting federal jurisdiction in a diversity action has the burden to demonstrate complete diversity. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Parties must make "clear, distinct, and precise affirmative jurisdictional allegations." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

### A. INDIVIDUALS

For individuals, pleading residence is insufficient; the notice of removal must plead their citizenship. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

### B. LLCs, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS

The citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Similarly, the citizenship of a partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); *Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853, 856 n.3 (5th Cir. 2003). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). When members or partners are themselves entities or associations, citizenship must be traced through however many layers of members/partners there are until arriving at the entity that is not a limited liability entity or partnership and identifying its citizenship status. *See, e.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009).

### C. CORPORATIONS

A corporation is a citizen of its state(s) of incorporation and of the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The removing party must allege both a corporation's state(s) of incorporation and its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

## V. REMOVED CASES

### A. STATE COURT RECORD

Pursuant to 28 U.S.C. § 1447(b), the removing party or parties shall supplement the record with all state court pleadings and filings. The supplement shall include the state court docket sheet.

B. **Pleading Citizenship of All Parties**

If this case has been removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332, the removing party has the burden to demonstrate there is complete diversity by properly pleading the citizenship of all parties. *See supra* Part IV. **Failure to supplement the record with proper citizenship allegations may result in the Court's remanding this action without further notice.**

C. **Refile Pending Motions**

Any motion filed in state court prior to removal that requires resolution by this Court must be refiled as a new motion.

It is so **ORDERED**.

_____
ORLANDO L. GARCIA
United States District Judge